**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 15-10249 |
| Plaintiff - Appellee, | D.C. No. 2:14-cr-01439-SPL-1 |
| v. | |
| OSCAR VASQUEZ PEREZ, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the District of Arizona
Steven Paul Logan, District Judge, Presiding

Argued and Submitted April 11, 2016
San Francisco, California

Before: D.W. NELSON, NOONAN, and O'SCANNLAIN, Circuit Judges.

Oscar Vasquez Perez appeals the district court's denial of his motion to

suppress evidence obtained from a Border Patrol stop. As the facts are known to

the parties, we repeat them only as necessary to explain our decision.

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

The Border Patrol officer needed only reasonable suspicion to stop Vasquez Perez and to conduct a limited inquiry into the immigration status of his car's occupants. *See United States v. Brignoni-Ponce*, 422 U.S. 873, 881 (1975); *United States v. Valdes-Vega*, 738 F.3d 1074, 1078 (9th Cir. 2013) (en banc). "Reasonable suspicion is defined as a particularized and objective basis for suspecting the particular person stopped of criminal activity." *Valdes-Vega*, 738 F.3d at 1078 (internal quotation marks omitted). The standard "is not a particularly high threshold to reach," and although a mere hunch will not suffice, "'the likelihood of criminal activity need not rise to the level required for probable cause, and it falls considerably short of satisfying a preponderance of the evidence standard.'" *Id.* (quoting *United States v. Arvizu*, 534 U.S. 266, 274 (2002)).

Such standard is satisfied in view of the totality of the circumstances in this case. Vasquez Perez drove through Dome Valley—an area close to the U.S. border and known for alien smuggling—in a car that the officer noted was unusual for the area, was poorly suited for driving on the area's rough terrain, and was visibly sagging in the rear. The officer also observed that one of Vasquez Perez's passengers was dressed unusually for work in the area, and that she seemed preoccupied with the sight of the officer's marked patrol car, despite the daily presence of Border Patrol in the area. Moreover, as the officer followed Vasquez

Perez, he observed Vasquez Perez proceed along a route that was unusual for traffic in the area, that included a section of unpaved road (in a car ill-equipped to handle such roads), and that was consistent with an effort to avoid a known Border Patrol checkpoint along a nearby highway. Even if none of these individual facts would alone establish reasonable suspicion, the unique combination of all circumstances *taken together* led the officer reasonably to suspect that Vasquez Perez was engaged in transporting illegal aliens. *See Arvizu*, 534 U.S. at 274–78; *Valdes-Vega*, 738 F.3d at 1078–81.

The district court did not err in denying Vasquez Perez's motion to suppress.

**AFFIRMED.**